# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **IRA JEROME ROSS** | **CIVIL ACTION NO. 17-1540-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ira Jerome Ross ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 21, 2017. Plaintiff is incarcerated at the Allen Correctional Center in Kinder, Louisiana. Plaintiff names the State of Louisiana, John Bel Edwards, and Jeffrey M. Landry as defendants.

Plaintiff claims his sentence is illegal. He claims his due process and equal protection rights were violated in the Louisiana First Judicial District Court. He claims the state trial court judge failed to rule on his motion for post-verdict judgment of acquittal and motion for new trial before sentencing him on October 20, 2005. He claims his attorney brought the two motions to the judge's attention before he sentenced him.

Plaintiff claims that on October 29, 2008, his appellate counsel gave the trial court judge another opportunity to correct his errors by filing a motion to correct illegal sentence. He claims the trial court judge denied this motion.

Plaintiff claims that the failure of the trial court judge to properly review his motions before sentencing him caused him major damage because he had a number of claims and new evidence which entitled him to relief. He claims that this is his first conviction. He also claims that the victim and two witnesses did not testify against him. He claims there was no DNA or physical evidence presented against him.

Accordingly, Plaintiff seeks monetary compensation for the damages caused by his illegal sentence.

## LAW AND ANALYSIS

Plaintiff is seeking monetary damages for an allegedly unconstitutional sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of April, 2018.

Page **4** of **4**     
Mark L. Hornsby
U.S. Magistrate Judge